UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IBRAHIM FOFANAH, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| MARKWAYNE MULLIN, In His Official Capacity As Secretary Of The U.S. Department Of Homeland Security, et al., | § § § § | Civil Action No. 3:26-CV-2925-X |
| | § | |
| *Respondents*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Ibrahim Fofanah's Emergency Motion for Temporary Restraining Order (TRO) requesting that the Court "order his immediate release under the conditions of supervision in place before his unlawful re-detention."[1] For the reasons stated below, the Court **DENIES** the TRO request.

A TRO serves to preserve the status quo at the timing the lawsuit was filed and prevent irreparable harm to the movant so a court can "render a meaningful decision after a trial on the merits."[2] To warrant this extraordinary relief, the movant must demonstrate:

> (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted;

---

[1] Doc. 1 at 2.

[2] *Apex Grp. Cap. Advisors LLC v. Related Fund Mgmt. LLC*, No. 3:25-CV-1627-X, 2025 WL 1869436, at *2 (N.D. Tex. July 7, 2025) (Starr, J.) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).

and (4) that the grant of an injunction will not disserve the public interest.[3]

Preliminary relief should "not conclusively resolve legal disputes[,]" and thus, a TRO is an inappropriate vehicle for granting ultimate relief.[4] Specifically, a court cannot render ultimate relief sought in a habeas petition—releasing a detainee—in the form of a preliminary injunction or TRO.[5]

Fofanah's TRO seeks to upend these bedrock principles. First, it seeks to change the status quo at the time of the lawsuit. Fofanah is in ICE custody and wants out.[6] The ultimate relief Fofanah requests from the Court is "that Respondents [Mullin et al.] release him from detention,"[7] but he also admits that "there is no significant likelihood of removal in the reasonably foreseeable future."[8] Thus, granting a TRO would only preserve the status quo of Fofanah remaining in custody—something he obviously does not want.

What's more, Fofanah's TRO seeks to conclusively resolve the ultimate legal dispute in this case—whether ICE can detain him.[9] He claims that "his current detention is unlawful and violates both [8 C.F.R. § 241.13(i)(2)-(3)] itself and the Due

---

[3] *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

[4] *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025).

[5] *Ramirez v. Noem*, 6:25-CV-035-H, at *2 (N.D. Tex. Feb. 5, 2026) (Hendrix, J.) (citing *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025)).

[6] Doc. 1 at 1.

[7] *Id.*

[8] *Id.* 8.

[9] *Id.* at 7.

Process Clause of the Fifth Amendment."[10] Conclusively deciding such legal issues and granting ultimate relief is something courts do not do in TROs.

The Court **DENIES** Fofanah's TRO request. His habeas petition remains pending on an expedited basis.

**IT IS SO ORDERED** this 29th day of August, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[10] *Id.* at 7.